1

2

3

4

5

6

7

8

9

10                           UNITED STATES DISTRICT COURT

11                            EASTERN DISTRICT OF CALIFORNIA

12

BENJAMIN CARANCHINI,                    )    1:10-CV-02127 SMS HC
13                                       )
                    Petitioner,          )    ORDER DISMISSING PETITION WITH
14                                       )    LEAVE TO FILE AMENDED PETITION
         v.                              )
15                                       )    ORDER DIRECTING CLERK OF COURT
                                         )    TO SEND PETITIONER BLANK PETITION
16   SECRETARY, C.D.C.R.,                )    FOR WRIT OF HABEAS CORPUS
                                         )
17                  Respondent.          )
     _____)
18

19          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the magistrate judge pursuant

21   to 28 U.S.C. § 636(c).

22          On November 8, 2010, Petitioner filed a petition for writ of habeas corpus in the United

23   States District Court for the Eastern District of California, Sacramento Division.  By order of the

24   Court, the case was transferred to the Fresno Division.

25                                        **DISCUSSION**

26   A.  Procedural Grounds for Summary Dismissal

27          Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

28          If it plainly appears from the petition and any attached exhibits that the petitioner is not

1    entitled to relief in the district court, the judge must dismiss the petition and direct the clerk
     to notify the petitioner.

2

3    The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

4    habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

5    dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be

6    dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded

7    were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

8    B.   Failure to State a Cognizable Claim

9         The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

10   Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

11   he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

12        The Supreme Court, a Justice thereof, a circuit judge, or a district court shall
          entertain an application for a writ of habeas corpus in behalf of a person in
13        custody pursuant to a judgment of a State court *only on the ground that he is in
          custody in violation of the Constitution or laws or treaties of the United States*.

14   (emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States

15   District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a

16   person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484

17   (1973).

18        Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must

19   demonstrate that the adjudication of his claim in state court

20        resulted in a decision that was contrary to, or involved an unreasonable application
          of, clearly established Federal law, as determined by the Supreme Court of the
21        United States; or resulted in a decision that was based on an unreasonable
          determination of the facts in light of the evidence presented in the State court
22        proceeding.

23   28 U.S.C. § 2254(d)(1),(2).

24        In the instant case, Petitioner fails to state a cognizable federal claim.  He complains that

25   validated associates of prison gang members are denied privileges afforded to those in general

26   population even though those associates have not committed any acts of violence.  He further claims

27   that Senate Bill "SBX3-18" violates the ex post facto clause because it increases sentences for those

28   validated associates who have been placed in the secured housing unit.  Last, he contends all

1  validated associates housed in the secured housing unit are denied certain privileges such as altar

2  cloths, vegan diets, and the right to full religious practice.  None of these claims present a basis for

3  habeas relief.  With respect to the first and third claims that prisoners are denied privileges,

4  Petitioner is challenging the conditions of his confinement, not the lawfulness or duration of his

5  confinement.  Therefore, those claims are not cognizable in a habeas action but must be raised in a

6  civil rights complaint pursuant to 42 U.S.C. § 1983.  As to his second claim that Senate Bill "SBX3-

7  18" lengthens sentences in violation of the ex post facto clause, Petitioner makes this claim in

8  general terms as affecting those inmates who are validated associates of gang members.  He fails to

9  state whether he himself is affected.  He fails to state if and how his own sentence has been

10  lengthened.  Therefore, Petitioner fails to establish standing to raise this claim.  Nevertheless,

11  because it is possible that Petitioner may be directly affected and he may be able to present a

12  cognizable claim, the Court will dismiss the petition with leave to file a first amended petition.

13                                                              **ORDER**

14          Accordingly, the petition for writ of habeas corpus is hereby DISMISSED with leave to

15  amend.  Petitioner is GRANTED thirty (30) days from the date of service of this order to file an

16  amended petition in compliance with this Order.  Failure to file an amended petition in compliance

17  with this Order will result in dismissal of the petition and termination of the case.  The Clerk of

18  Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

19

20  IT IS SO ORDERED.

21  **Dated:    December 8, 2010                          /s/ Sandra M. Snyder**
                                                        UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28